## Willets, Administrator, *v.* Metcalf.

*Mortgage—Sheriff's sale—Distribution of fund.*

Where three lots owned by the same person are covered by various mortgages and all three by one of the mortgages, and two of the lots have been sold in foreclosure proceedings, but the third has not been sold, the court cannot place a valuation on the unsold lot, and then treat the proceeds of the sale of the first two lots and the valuation of the third lot as a fund for distribution.

Argued Oct. 22, 1906. Appeal, No. 4, Oct. T., 1906, by the Provident Trust Company, from order of C. P. No. 1, Allegheny Co., June T., 1905, No. 127, dismissing exceptions to sheriff's return of distribution in case of E. A. Willets, Administrator c. t. a. of the Estate of Isaac Willets, deceased, now for use of Robert W. Sutton v. Frank Metcalf. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to sheriff's return.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in dismissing exceptions to sheriff's return. ·

*Harvey A. Miller*, for appellant.—Plaintiff had not the right to refuse to accept his money and to stay his writ in the interest of another creditor not a party to the same : Clausen v. Bellevue B. & L. Assn., 7 Pa. Superior Ct. 217 ; Platt-Barber Co. v. Groves, 193 Pa. 475 ; Lyon v. Hampton, 20 Pa. 46.

An incumbrancer having a lien upon one of two funds has an equity to require a senior incumbrancer having a lien upon both, to exhaust the other of said sources first; and this equity may exist not only as against the debtor and the senior incumbrancer, but also against a mortgagee holding a junior lien upon the second fund alone : Appeal of Robeson, 117 Pa. 628 ; Lehman's Executors v. Tammany, 7 Kulp, 235 ; Clausen & Son v. Bellevue B. & L. Assn., 7 Pa. Superior Ct. 217 ; Tigue v. Banta, 176 Pa. 414 ; Patrick & Co. v. Smith, 2 Pa. Superior Ct. 113.

Under the Act of April 22, 1856, sec. 9, P. L. 532, the court should have controlled the execution in above case directing a sale of the third property, so as to subserve the rights and equities of the parties interested as lien creditors or owners : Pratt v. Waterhouse, 158 Pa. 45 ; Hunt v. Breading, 12 S. & R. 37 ; Burk, Thomas & Co.'s App., 89 Pa. 398.

It is an old and well-established principle that where a purchaser's interest in real estate is swept away by another sale under a paramount incumbrance, he has the right to come in on the fund in distribution.

*John M. Freeman,* with him *D. T. Watson* and *Marker & Hollingsworth,* for appellee.—The appellant having acquired title at sheriff's sale, under what is in equity a fourth mortgage, is not entitled to any part of the fund for distribution until the payment of the first mortgage and the other prior liens in full: Graff's Estate, 139 Pa. 69 ; Shimp's Assigned Estate, 197 Pa. 128 ; Order of Solon v. Gunther, 8 Pa. Superior Ct. 319 ; Hoover v. Epler, 52 Pa. 522.

The appellant is not in any aspect of this case entitled to any part of the fund arising from the sale of the three lots, as the equities of the second and third mortgages on other parts of the mortgaged premises are superior to that of appellant: Shimp's Assigned Est., 197 Pa. 128.

The court cannot treat land as a fund and in that way make a distribution of the third lot remaining unsold. The court can distribute nothing but money in its actual possession : Order of Solon v. Gunther, 8 Pa. Superior Ct. 319.

An execution is the process of the plaintiff, and is wholly under his control, and the writ may be stayed without affecting the plaintiff's rights against the real estate : McLaughlin v. McLaughlin, 85 Pa. 317 ; Yost v. Smith, 105 Pa. 628.

The rule that where mortgaged premises have been sold in parcels, the same must be applied in satisfaction of the mortgage debt in the inverse order of alienation cannot be invoked by the plaintiff, as he is a purchaser at a sheriff's sale, and this rule applies only to a purchaser under a general warranty deed : Carpenter v. Koons, 20 Pa. 222 ; Steele v. Walter, 204 Pa. 257.

OPINION BY MR. JUSTICE ELKIN, January 7, 1907:

We have carefully examined this case to ascertain if appellant has any equity or legal standing to support its contention, which in the main, is, that the court below erred in not appointing an auditor to distribute the funds on the basis of and in proportion to the amounts received on the sale of the first and second properties and the alleged admitted value of the third property. Inasmuch as the third property had not been sold, and there was no fund in court for distribution arising from the sale of that property, it is difficult to see upon what theory the court could be asked to place a valuation on the unsold lot and then treat the proceeds of the sale of the first two lots and the valuation of the third lot as a fund for distribution. This is precisely what the appellant is seeking to do, at least in legal effect. It cannot be done. Metcalf was the owner of three lots in Negley Place, which for the purpose of this case are designated as lots Nos. 1, 2 and 3, upon which said three lots four mortgages were placed. The first mortgage covered the entire three lots and belongs to the use plaintiff; the second mortgage covered all of lot No. 3 and part of lot No. 2; the third mortgage covered all of lot No. 3 and a very small part of lot No. 2; the fourth mortgage being the one held by appellant, covered parts of lots Nos. 1 and 2. The mortgages were of record and had priority of lien in the order named. Appellant issued a sci. fa. on the fourth mortgage, obtained judgment thereon and had the property sold by the sheriff, at which sale it became the purchaser of lots Nos. 1 and 2, subject of course to the lien of the first mortgage. Subsequently foreclosure proceedings were begun on the first three mortgages whose priority of liens on the respective properties antedated that of appellant. Lots Nos. 1 and 2 were then sold upon a judgment obtained on the first mortgage, appellant becoming the purchaser of one of the lots, the proceeds arising from the sale being the fund in court for distribution. The amount of the fund, after deducting taxes and costs, is $20,504.72, which the sheriff has distributed on account of the debt of the first mortgage. There still remains a balance due on the first mortgage of about $7,500 which is a first lien on lot No. 3. The writ was stayed as to that lot because it is suggested there was not a sufficient bid to cover

the liens. When it was offered for sale appellant bid $8,000 and now its principal complaint is that the writ was stayed and the bid not accepted. The plaintiff had a perfect right to stay his writ and appellant was not in a position to in any manner control it. It must be remembered that appellant had no lien on lot No. 3. Its lien was on lots Nos. 1 and 2 which had been sold and the proceeds, clearly applicable to the first mortgage, are to be so distributed. There is not even a suggestion of insufficiency of bid, fraud or collusion as to the sale of lots Nos. 1 and 2, and this being the fund for distribution there is no reason either in law or equity why it should not be distributed to the holder of the first mortgage, the creditor to whom it belongs.

Under the facts of this case the equities of the second and third mortgages are superior to the equity of appellant; and in any event it could have no interest in the fund arising from the sale of lot No. 3. The whole contention is without merit and the assignments of error are overruled.

Decree affirmed.